IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03215-BNB

JORGE TENA,

    Plaintiff,

v.

WARDEN JOHN DAVIS, and
(FNU) LINZA,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

    Plaintiff, Jorge Tena, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional complex in Buena Vista, Colorado. Mr. Tena initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages.

    On January 16, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Tena to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserted the personal participation of each named defendant in the amended complaint. On March 8, 2013, after being granted an extension of time, Mr. Tena filed the amended complaint (ECF No. 9) for money damages and injunctive relief.

    Mr. Tena has been granted leave to proceed pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any

time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Tena is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Tena's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed in part.

Although Mr. Tena's handwriting is difficult to read and the amended complaint is unnecessarily verbose and repetitive, the Court has attempted to summarize Mr. Tena's allegations and claims. Mr. Tena alleges that on May 27, 2012, Defendant Linza, a correctional officer, conducted a search of his housing unit and confiscated his Sangean AM/FM radio worth $121.00. He further alleges that Mr. Linza provided him with a

2

disposition of property form indicating that the radio was altered, and he had ten days to mail out the radio at his expense. On May 28 or 29, 2012, Mr. Tena spoke with Mr. Linza about the radio, and Mr. Linza ordered him to get his copy of the disposition of property form. Mr. Linza tore the property form and the original copy of the disposition of property form into pieces and told Mr. Tena he no longer could mail out the radio because it now was considered contraband and would be destroyed.

Mr. Tena also alleges that, prior to the confiscation of his radio, Mr. Linza ordered the search of Mr. Tena's cell and the confiscation of other personal property, including an altered alarm clock radio and altered ear buds. *See* ECF No. 1 at 13, 21. Mr. Tena contends that the value of all property confiscated from his cell totals $200.00. Mr. Tena complains that he did not receive a hearing on the confiscation of his property, and the radio was destroyed before he completed the grievance process. On the basis of these allegations, Mr. Tena contends that his due process rights and Eighth Amendment right to be free from cruel and unusual punishment were violated.

Mr. Tena's Eighth Amendment claim of cruel and unusual punishment is without merit. A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based

3

on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection under the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Mr. Tena's claim focuses his disagreement with the conditions of his confinement. He specifically disagrees with the confiscation and destruction of his property, primarily his radio. The fact that Mr. Tena disagrees with the conditions of his confinement does not mean that he is deprived of the minimal civilized measure of life's necessities. In fact, as the Supreme Court of the United States has observed, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons). The Eighth Amendment claim of cruel and unusual punishment will be dismissed.

Mr. Tena fails to allege facts to show that Defendant Warden John Davis personally participated in a deprivation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland in an the order of January 16, 2013, for an amended complaint that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Mr. Tena appears to have sued Warden Davis in his supervisory capacity only.  *See* ECF No. 9 at 2.  Therefore, Warden Davis is an improper party to this action, and will be dismissed.

Mr. Tena's remaining due process claim against the remaining Defendant, Mr. Linza, does not appear to be appropriate for summary dismissal.  The remaining claim and the case will be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.

Accordingly, it is

ORDERED that the claim of cruel and unusual punishment under the Eighth Amendment is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that the claims asserted against Defendant, Warden John Davis, are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that Defendant, Warden John Davis, is dismissed as a party to this action.  The only remaining Defendant is (FNU) Linza.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  18th  day of  April , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court