IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03215-MSK-CBS

JORGE TENA,
    Plaintiff,
v.

(FNU) LINZA,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendant Linza's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and (6)." Pursuant to the Order Referring Case dated May 1, 2013 (Doc. # 20) and the memorandum dated September 4, 2013 (Doc. # 34), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Tena's Response (filed August 1, 2013) (Doc. # 33), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Tena is currently incarcerated at the Buena Vista Correctional Complex ("BVCC") of the Colorado Department of Corrections ("CDOC") in Buena Vista, Colorado. Defendant Linza is employed as a correctional officer at BVCC. (*See* Doc. # 9 at 2 of 24, ¶ 3). Proceeding in his *pro se* capacity, Mr. Tena filed his "Amended Prisoner Complaint" ("AC") at the court's direction on March 8, 2013. (*See* Docs. # 9, # 8, # 7, # 5). On April 18, 2013, the court dismissed from the case all claims and Defendants except Mr. Tena's due process claim against Defendant Linza. (*See* "Order to Dismiss in Part and to Draw Case to District Judge and to Magistrate Judge" (Doc. # 11)).

Mr. Tena brings his claims pursuant to title 42 U.S.C. § 1983, alleging violation of his due

process rights.  (*See* Doc. # 9 at 3 of 24, ¶ 1).  Mr. Tena alleges that on May 27, 2012, Defendant Linza conducted a search of his housing unit and confiscated his Sangean AM/FM radio worth $121.00.  (*See* Doc. # 9 at 8 of 24).  Mr. Tena further alleges that Linza provided him with a disposition of property form, which indicated that the radio was altered and that he had ten days in which to mail the radio out of BVCC.  (*See id.*).  Mr. Tena alleges that when he spoke to Defendant Linza about the radio on May 28 or 29, 2012, Defendant Linza tore the original and copy of the form "into pieces" and told him he no longer could mail the radio out of BVCC because it was contraband and would be destroyed.  (*See id.* at 9 of 24).  Mr. Tena alleges that the combined value of property confiscated from his cell is $200.00.  (*See* Doc. # 9 at 14 of 24).  Mr. Tena alleges that he did not receive a hearing prior to the confiscation of his property, and that his radio was destroyed before he had completed the grievance process. (*See id.*).  Mr. Tena seeks $10,000 in compensatory damages, and injunctive relief in the form of re-evaluating the procedure followed when personal property is deemed to be contraband.  (*See id.* at 17-18 of 24).

II.     Standard of Review

Defendant Linza moves to dismiss the AC pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  Defendant's assertion of Eleventh Amendment immunity constitutes a challenge to the allegations of subject matter jurisdiction in the AC.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter

jurisdiction of the district court"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("Once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction.") (original emphasis omitted)). The determination of subject matter jurisdiction is a threshold issue of law, *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987), that the court addresses before turning to the merits of the case. *Ruiz*, 299 F.3d at 1180. A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). *See also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction.") (internal quotation marks and citations omitted). As the party asserting jurisdiction, Mr. Tena bears the burden of establishing that this court has jurisdiction to hear his claims. *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (internal quotation marks and citation omitted). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Because Mr. Tena appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). *See also Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.  Analysis

Section 1983 creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

A.  Liability of Defendant in his Official Capacity

While Mr. Tena does not specify whether he is suing Defendant Linza in his official capacity, his individual capacity, or both, he alleges that Defendant Linza was acting "as one of the custody staff supervising the inmates of the East units within the Buena Vista Correctional

Complex." (*See* Doc. # 9 at 2 of 24, ¶ 3). To the extent that he is suing Defendant Linza in his official capacity, Mr. Tena is actually attempting to impose liability on his employer, the CDOC. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state). The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. The Eleventh Amendment provides for the sovereign immunity of a state or state actors sued in federal court. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). "[W]hen a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the real party in interest is the state, and the suit is barred by the Eleventh Amendment." *Id.* (internal quotation marks and citation omitted). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted). To the extent that Mr. Tena is suing Defendant Linza, who is a state employee, in his official capacity for money damages, such claim is properly dismissed as barred by the Eleventh Amendment.

      The Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials. *Kentucky v. Graham*, 473 U.S. 159, 164 (1985). *See also Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989) (official-capacity actions for prospective injunctive relief are not treated as actions against the State) (internal quotation marks and citation omitted). Nor does the Eleventh Amendment bar actions for damages against state officials in their individual capacities. To the extent that Mr. Tena is suing Defendant Linza in his individual capacity, personal capacity suits seek to impose personal liability upon a government official for actions he or she takes. *Graham*, 473 U.S. at 165-67.

The court proceeds to evaluate whether Mr. Tena states any claim against Defendant for injunctive relief in his official capacity or in his individual capacity.

B.  Fifth Amendment Due Process

Mr. Tena alleges violation of the Fifth Amendment to the U.S. Constitution. (*See* Doc. # 9 at 3, 4, 5 of 24). The Fifth Amendment protects against due process violations by the federal government. *See Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (Fifth Amendment applies to and restricts only the Federal Government); *Riley v. Camp*, 130 F.3d 958, 972 n. 19 (11th Cir. 1997) (Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials); *Myers v. County of Somerset*, 515 F. Supp. 2d 492, 504 (D.N.J. 2007) (limitations of the Fifth Amendment restrict only federal governmental action and do not apply to the actions of state officials); *Pruett v. Dumas*, 914 F. Supp. 133, 136 (N.D. Miss. 1996) ("The Fifth Amendment restricts the powers of the federal government and does not apply to state actions. The Fourteenth Amendment applies to actions by the state."). As there is no allegation in this civil action of any conduct by federal government actors and Defendant Linza is an employee of the Colorado Department of Corrections, Mr. Tena fails to state a claim to which relief can be granted under the Fifth Amendment.

C.  Fourteenth Amendment Due Process

Mr. Tena alleges that the confiscation of his radio violated his Fourteenth Amendment due process rights. (*See, e.g.,* Doc. # 15 at ¶¶ 32, 105, 111). "The Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.' " *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting U.S. Const. amend. XIV, § 1). "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or

property interest with which the state has interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (citation omitted).  *See also West v. Scott*, 09-cv-1268, 2010 WL 1258060, at * 3 (D. Colo. March 29, 2010) (essential element of any due process claim is that the plaintiff possessed a constitutionally-protected interest in the thing that was denied to them).(citation omitted).[1]

"In determining whether an individual has been deprived of his [Fourteenth Amendment] right to procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and if so, then (2) was the individual afforded an appropriate level of process." *Veile v. Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001) (citation omitted).  *See also Georgacarakos v. Wiley*, 07-cv-01712-MSK-MEH, 2011 WL 940803, at * 7 (D. Colo. March 16, 2011) ("To establish a due process claim, the Plaintiff must show: (i) that he was deprived of a protected liberty or property right, and (ii) that procedural protections warranted by that right were not properly observed.") (citation omitted);  *Gardner v. Golden City Council*, 07-cv-00878-MSK-MJW, 2008 WL 608410, at * 3 (D. Colo. March 3, 2008) ("To state a Due Process claim, the Plaintiffs must make three showings: (i) that they possessed a protectible property interest; (ii) that they were deprived of that interest; and (iii) that the deprivation occurred in the absence of sufficient procedural protections.) (citation omitted).

"The first issue in the due-process context is whether the plaintiff has established a protected interest," in this case a property interest.  *Toevs v. Reid*, 685 F.3d 903, 910-11 (10th Cir. 2012) (citations omitted).  The Tenth Circuit Court of Appeals "has ruled that property interest claims by prisoners are [ ] to be reviewed under *Sandin's* atypical-and-significant-deprivation analysis." *Steffey*, 461 F.3d at 1221 (citing *Cosco v. Uphoff*, 195 F.3d 1221, 1224

---

[1] Copies of unpublished cases cited are attached to this Recommendation.

(10th Cir. 1999) ("The Supreme Court mandate since *Sandin* is that henceforth we are to review property and liberty interest claims arising from prison conditions by asking whether the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.' ") (alteration in original, quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995))). *See also Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010) ("Although *Sandin* addresses liberty interests, we interpret it to extend the same analysis to protected property interest inquiries.") (citation omitted); *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) ("a prisoner is entitled to due process before he is subjected to conditions that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, . . .") (internal quotation marks and citation omitted).

"[I]t is well-established that prisons have broad discretion in regulating the entry of material into prison." *Steffey*, 461 F.3d at 1222-23. Regulation of the type and quantity of personal property inmates may possess in their cells is a not an atypical, significant hardship of prison life. *Cosco*, 195 F.3d at 1224. The deprivation of a radio alleged here does not, as a matter of law, present an atypical, significant hardship. *See, e.g., King v. Frank*, 328 F. Supp. 2d 940, 945 (W.D. Wis. 2004) ("being denied a television and radio" not atypical and significant hardship under *Sandin*); *Manley v. Fordice*, 945 F. Supp. 132, 138 (S.D. Miss. 1996) ("not being allowed access to television and radio is not 'atypical' of prison life and certainly places no significant hardship on the individual"); *Sterling v. Federal Bureau or Prisons*, No. 06-cv-00857-WDM-CBS, 2007 WL 2045500, at * 5 (D. Colo. July 9, 2007) (denial of radios to inmates in the Special Housing Unit did not create an "atypical and significant hardship" triggering due process protections). *Cf. Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (prisoner's "inability to watch television in his cell . . . is not a significant hardship"); *Robinson v. Moses*, 644 F. Supp. 975, 979 (N.D. Ind. 1986) (holding detainee in city-county lockup without television facilities not violation of Fourteenth Amendment).

"The existence of a liberty or property right is a necessary element" of a due process claim, and "there is no need to examine the procedural protections that were or were not followed if no constitutionally-protected interest was implicated by the conduct." *Georgacarakos*, 2011 WL 940803, at * 7 (where inmate did not have a property right in an original manuscript consisting of thousands of pages of original research, art, and creative writing, no further consideration of due process claim was necessary) (citation omitted). Because the deprivation of his radio does not constitute an "atypical or significant hardship . . . in relation to the ordinary incidents of prison life," Mr. Tena does not state a claim to which relief can be granted for violation of his due process rights. *Sandin*, 515 U.S. at 484.

Even if Mr. Tena had alleged a protected interest in the form of an atypical and significant hardship, he must also show that he was deprived of that interest without due process. "The intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available." *Durre v. Dempsey*, 869 F.2d 543, 546 (10th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). It is well settled that

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson*, 468 U.S. at 533.

By his own allegations, Mr. Tena utilized the prison grievance procedures. "The Supreme Court has indicated that adequate inmate grievance procedures alone may provide a meaningful postdeprivation remedy for purposes of procedural due process." *Klein v. McClaury*, No. 00-1065, 221 F.3d 1352, at * 2 (10th Cir. July 20, 2000) (citing *Hudson*, 468 U.S. at 536 n. 15). Mr. Tena filed a Step I grievance, requesting the return of his radio. (*See* Doc. # 1 at 10 of 12). CDOC staff denied the grievance, responding that "anything altered is considered

contraband" and that "the radio was indeed altered and therefore confiscated as that and placed into evidence." (*See id.*).  Mr. Tena filed a Step II grievance and received the response that "[y]our radio was disposed of according to policy.  Officer Linza followed all polices regarding your radio." (*See id.* at 11 of 12).  His Step II grievance was denied.  Mr. Tena filed a Step III grievance that also was denied.  (*See* Doc. # 1 at 12 of 12; Doc. # 9 at 12 of 24).

   Mr. Tena's own pleading acknowledges that he had what the courts have determined to be an adequate post-deprivation remedy available to him through the prison grievance system.  That Mr. Tena did not prevail in the grievance procedure "in no way affects the procedure's adequacy as a post-deprivation remedy." *Austin v. Lehman*, 893 F. Supp. 448, 454 n. 4 (E. D. Pa. 1995) (citing *Jackson v. Central New Mexico Correctional Facility*, No. 91-2234, 1992 WL 236921, at *2 (10th Cir. Sept. 21, 2992) ("The fact that Plaintiff did not receive the result he desired from the [prison] grievance procedure does not mean that he was denied due process.") and *Abbott v. Jackson*, No. 86 Civ. 7225, 1988 WL 26993, at *1 (E.D.Pa. Mar. 16, 1988) (prison authorities' unfavorable decision on inmate's grievance is not itself a denial of due process)); *Morales v. Beard*, Civ. A. No. 09–162, 2009 WL 2413425 (W.D.Pa. July 31, 2009) ("failure of prison officials to provide what the inmate deems to be a favorable response to a grievance does not demonstrate that the process was inadequate or constitutionally deficient.").

   Mr. Tena alleges that grievance officers failed to properly investigate his grievance.  (*See* Doc. # 9 at 11-12, 14 of 24).  His allegation that the confiscation of his radio was a violation of "Colorado Department of Corrections Administrative Regulations as well as my state statutory applicable laws" fails to state a cognizable claim for deprivation of a right secured by the Constitution or laws of the United States.  *See Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (claim under section 1983 is available to redress violations of federal statutory and constitutional law); *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no

cognizable claim" for deprivation of a right secured by the Constitution or laws of the United States.) (citations omitted); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (The "failure to adhere to administrative regulations does not equate to a constitutional violation.") (citation omitted).  And regardless of whether grievance officers complied with the CDOC grievance process, Mr. Tena does not state a constitutional deprivation because "inmate grievance procedures in themselves do not confer a liberty interest protected by the Due Process Clause." *Jackson v. Beard*, Civ. A. No. 07–2164, 2008 WL 879923, at *7 (E.D. Pa. Mar. 31, 2008).  *See also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless"); *Stringer v. Bureau of Prisons, Fed. Agency*, No. 04-1510, 145 F. App'x 751, 753 (3d Cir. Aug. 23, 2005) (as prisoners have no constitutional right to a grievance process, prison officials' failure to investigate or respond favorably to inmate complaints does not constitute a due process violation).

     Colorado law also provides that a prisoner may sue a prison official for intentional deprivations of property.  *See, e.g.,* Colo. Rev. Stat. § 24-10-105 (authorizing tort actions against public employees if their actions were "willful and wanton").  Mr. Tena's asserted property deprivation is appropriately addressed by pursuing his postdeprivation remedies, including prison grievance procedures and the Colorado Governmental Immunity Act, Colo. Rev. Stat. §§ 24-10-101 *et seq. See Elliott v. Cummings*, No. 01-3317, 49 F. App'x 220, 228 (10th Cir. Oct. 9, 2002) ("Either the prison grievance procedures, which [Mr. Tena] pursued, or a state law claim . . . which [Mr. Tena] presumably could pursue, provides an adequate post-deprivation remedy, such that his federal constitutional claim is subject to dismissal.") (citations omitted).  *See also Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (availability of an action in state court provides an adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials) (citations omitted);

*Austin v. Lehman*, 893 F. Supp. at 454 (both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies); *Reyes v. Walsh*, No. 1:12-CV-2004, 2013 WL 4041576, at * 6 (M.D. Pa. June 12, 2013) (as plaintiff had adequate state-law remedies available to challenge the alleged deprivation of his personal property, his constitutional claim based on alleged deprivation was unavailing).

D.     Qualified Immunity

Defendant Linza raises the defense of qualified immunity to Mr. Tena's claims against him in his individual capacity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id*.

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established when the alleged violation occurred. *Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003). As the court concludes that Mr. Tena fails to state any plausible constitutional violation, Defendant in his individual capacity is entitled to qualified immunity. The court need not reach the "clearly established" prong of qualified immunity to conclude that Mr. Tena's claims fail against Defendant in his individual capacity.

*See Wilder*, 490 F.3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

In sum, Mr. Tena does not state a claim to which relief can be granted for violation of his due process rights. Accordingly, IT IS RECOMMENDED that Defendant Linza's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and (6)" (Doc. # 30) (filed on July 8, 2013) be GRANTED, that Mr. Tena's claims against Defendant in his official capacity for money damages be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) as barred by the Eleventh Amendment, that his claims against Defendant in his official capacity for injunctive relief and in his individual capacity be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to which relief can be granted, and that the Amended Complaint be dismissed.[2]

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real*

---

[2] "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

*Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 23rd day of September, 2013.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge