**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 12-cv-03215-MSK-CBS

**JORGE TENA,**

   Plaintiff,

v.

**(FNU) LINZA,**

   Defendant.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff, Mr. Tena's Objections **(# 43)** to the Magistrate Judge's September 23, 2013 Recommendation **(# 35)** that Defendant Linza's Motion to Dismiss **(# 30)** be granted.

According to the Amended Complaint **(# 9)**, Mr. Tena is an inmate in the custody of the Colorado Department of Corrections ("CDOC"), housed at the Buena Vista Correctional Complex. On May 27, 2012, Defendant Linza, a Corrections Officer at the Buena Vista facility, conducted a search of Mr. Tena's cell and seized an unlawfully retained radio. Mr. Linza provided Mr. Tena with a "Disposition of Property" form (which Mr. Tena identifies as "BVCC Form 850-06B") which advised him that he had 10 days to make arrangements to send the radio to a recipient outside of prison. A day or two later, Mr. Tena tried to speak with Mr. Linza about the radio, but Mr. Linza allegedly took the Disposition of Property Form and tore it up, advising Mr. Tena that "you can't send your radio out, it's contraband. I'm going to destroy it and I'm writing you up for fraud." At some point thereafter, Mr. Linza did indeed destroy the radio.

1

As narrowed by previous Court orders **(# 11)**, Mr. Tena's Amended Complaint asserts a single claim pursuant to 42 U.S.C. § 1983, alleging that Mr. Linza's destruction of the radio constituted a deprivation of property without Due Process in violation of the 14th Amendment. Mr. Linza moved **(# 30)** to dismiss the claim against him arguing, among other things, that a Due Process claim premised upon a deprivation of property is not cognizable where the state provides a meaningful post-deprivation remedy. *Citing Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Mr. Linza argues that an unlawful taking of property can be the subject of a state court action for conversion, so long as the property owner complies with the pre-suit requirements of the Colorado Governmental Immunity Act.

The Court referred the matter to the Magistrate Judge for consideration, and on September 23, 2013, the Magistrate Judge recommended **(# 36)** that Mr. Linza's motion be granted. Specifically, the Magistrate Judge found that a Due Process claim requires a showing of a deprivation of a constitutionally-protected property interest; that the 10th Circuit assesses the existence of a property interest under the "atypical and significant hardship" test of *Sandin v. Conner*, 515 U.S. 472 (1995); that given the broad discretion that prisons have in regulating an inmate's possession of personal property, the deprivation of a radio does not constitute an atypical and significant hardship, and thus, Mr. Tena had no constitutionally-protected property interest in his radio; and that in any event, the prison grievance system and/or the ability to maintain a state court action provided him with an adequate post-deprivation remedy.

Mr. Tena filed timely Objections **(# 43)** to the Recommendation, offering largely generalized statements that he was entitled to possess the radio under CDOC regulations, that Mr. Linza fabricated the assertion that the radio was altered (and thus contraband), and that the CDOC grievance procedure is ineffective.

Pursuant to Fed. R. Civ. P. 72(b), the Court reviews the objected-to portions of a Recommendation *de novo*. The Court conducts this review mindful of Mr. Tena's *pro se* status, and thus, construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

After a *de novo* review, the Court agrees with both the outcome reached by the Magistrate Judge, as well as the reasoning. Although the Court is uncomfortable with the breadth of possible application of the *Sandin* standard[1], the Magistrate Judge correctly assessed that 10th Circuit precedent compels its application in this case. *See e.g. Clark v. Wilson*, 625 F.3d 686, 690-91 (10th Cir. 2010). Its application results in a finding that Mr. Tena lacked any constitutionally-protected property interest in the possession of the radio and the ability to preserve it for transfer outside the prison. Moreover, the Court agrees that if Mr. Tena had a cognizable property interest subject to Due Process protection, his claim would be defeated by the existence of a cognizable post-deprivation remedy, such as a claim for conversion, *see McKinney v. Revell*, 364 Fed.Appx. 430, 432 n. 2 (10th Cir. 2010), or through the state administrative remedy program, *see Williams v. Mestas*, 355 Fed.Appx. 222, 224 (10th Cir. 2009).

Accordingly, the Court **OVERRULES** Mr. Tena's Objections **(# 43)** and **ADOPTS** the Recommendation **(# 35)** in its entirety. Mr. Linza's Motion to Dismiss **(# 30)** is **GRANTED**,

---

[1] Taken to its logical conclusion, *Sandin*'s "atypical and significant hardship" standard could permit prison officials to wantonly destroy inmate personal property, for any reason whatsoever, with constitutional impunity. For example, if a prison guards routinely entered inmates' cells and destroyed family photographs and mementos, and other personal effects, inmates may have no remedy via the Due Process clause because the deprivation of such items does not constitute an "atypical and significant hardship" when measured against the general prison experience.
   Nevertheless, this Court agrees with the Magistrate Judge that 10th Circuit precedent does indeed compel the Court to assess the existence of a constitutionally-protected property interest by looking solely to the *Sandin* standard. *See e.g. Clark v. Wilson*, 625 F.3d 686, 690-91 (10th Cir. 2010).

and all remaining claims in this action are **DISMISSED**.  The Clerk of the Court shall close this case.

Dated this 13th day of March, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge